RECEIVER OF CENTRAL R. & BANKING CO. OF GEORGIA (ANDERSON, Intervener) v. MACON, D. & S. R. CO.

(Circuit Court, S. D. Georgia, W. D. June 6, 1902.)

1. EQUITY—GROUNDS FOR RELIEF—SUFFICIENCY OF PETITION OF INTERVENTION.
   The receiver of a railroad filed a bill in equity to enjoin the tearing up by another railroad company of a spur track connecting a brick-yard with the main line of his road, alleging that his company had been in lawful and peaceable possession and use of such track for more than 10 years. The owner of the brickyard intervened for the protection of his right to the continued use of the spur track under a contract with the receiver's company. His petition showed that the deed by which he acquired the property described the same as a brickyard, and that the spur track which was upon the land of his grantor then existed and was essential to the use of the property conveyed for brick-yard purposes. *Held,* that his petition was not demurrable because it also showed that his grantor in the deed reserved the right to sell the right of way subsequently purchased by defendant, and which crossed the spur track, such reservation being consistent with the continued maintenance and use of such track, and that when read in connection with the bill it stated grounds for equitable relief.

2. SAME.
   An intervention pro inter esse suo must be construed as pleading in connection with the averments of the original bill.

In Equity. On demurrer to petition of intervention of F. W. Anderson.

Alexander Proudfit, for intervener, W. F. Anderson.

Olin J. Wimberly and John I. Hall, for complainant.

John M. Stubbs, Alexander Akerman, and Minter Wimberly, for defendant.

SPEER, District Judge (orally). This question, notwithstanding the extraordinary heat with which it has been argued by counsel, does not seem to possess any very great difficulty. In the equity cause of Rowena M. Clark against Central Railroad & Banking Company of Georgia a receiver was appointed about the year 1892. While operating the properties of the defendant company the receiver complained in an equitable proceeding, dependent upon the main litigation, that the Macon, Dublin & Savannah Railroad Company had torn up its spur track leading to Anderson's brickyard, and was thus interfering with the operation of the properties with which the receiver was intrusted. The Macon, Dublin & Savannah Railroad Company was required to restore the track which it had torn up, and at the request of both parties an order was granted preserving the status quo until the final determination of the controversy. There has been much delay in this, but it is not chargeable to the court. There were

many applications for continuance on the one side and the other.

Now that the question is finally up for determination, W. F. Anderson, the owner of the brickyard and alleged licensee of the Central Railroad, has filed an intervention to protect his right, under a contract with the Central Railroad, to use the spur track constructed by that railroad for the purpose of reaching his brickyard. His intervention sets forth a number of material averments, and the intervention itself must be construed in connection with the original proceeding in which he intervenes. That proceeding alleges that the Central Railroad & Banking Company was in the peaceable and lawful possession of the spur track, and had been in possession 10 years prior to the time the original proceeding was filed. It is distinctly alleged that it was in possession and use of this spur track at the time the Macon, Dublin & Savannah Railroad Company bought their right of way from Marshall J. Hatcher, under whom Anderson also holds; that the Macon, Dublin & Savannah Railroad Company bought from Hatcher subject to any right the Central might have had by virtue of that possession; and, because of the apparent and easily discernible character of the spur track crossing the right of way which the Macon, Dublin & Savannah bought from Hatcher, on which they subsequently constructed their own road that the latter road bought with knowledge of the rights of the Central. These averments are very material. If it be true that the Macon, Dublin & Savannah bought their right of way with notice of this possession, use, and occupancy on the part of the Central, they took with notice of the equity of the Central to insist upon whatever rights it may have under that possession, and any rights the Central may have are the rights of its licensee, Mr. Anderson.

It is said, however, that Anderson had no title to this right of way when he bought the brickyard from Hatcher. This he did in the year 1886. The existence of this spur track, according to the averments of the original petition, dates from 1882; and if it is true, as alleged in the original petition of the Central Railroad, that when Anderson bought the brickyard the spur track ran from the Central Railroad into the brickyard for the purposes of that industry, Anderson has the right to insist that he be heard as to his privilege to enjoy the use and possession of that spur track for all the purposes of his business. The conveyance of such a property as a brickyard with a railway spur track connecting it with a main line or any other right of way by which the purchaser must have the opportunity of access and egress gives to him the right to insist upon the enjoyment of anything that he may be entitled to with regard to his right of way. If it amounts to an easement, he has the right to insist upon his easement. If it is merely possession, and his right to easement has not matured, he has the privilege to defend his possession. If there is no title in him to his right of way, that must appear from the evidence introduced upon an issue made with regard to title.

Whatever may be the final conclusion of the court as to the rights of Anderson, it would not be proper to dismiss his intervention, depending upon the equities of the Central Railroad, upon this demurrer, for that would enable the Macon, Dublin & Savannah Railroad

to take advantage of its own wrong. If the averments of the original petition are true, it entered upon the property and tore up the spur track, vi et armis, and such conduct does not meet with the favorable consideration of a court of equity.

Respondent in its demurrer relies with apparent confidence upon a clause of the deed of M. J. Hatcher to Anderson in which Hatcher reserves the right to sell the right of way now occupied by the Macon, Dublin & Savannah for railroad purposes; but that does not necessarily exclude the right for which Anderson contends, namely, that he bought with a railway crossing over that right of way in order to connect with the main line of the Central. It is true that while conveying the fee in the entire premises to Anderson for the purposes of the brickyard that Hatcher may have incorporated a limitation in the conveyance by which he reserved the right to sell for railway purposes this particular right of way, which was an old track of the Central Railroad. Under a familiar rule, however, a deed must be construed most strongly against the grantor, and since Hatcher sold Anderson this property described as a brickyard for the purposes of such an enterprise, with a spur track already in existence crossing that old right of way, which he stipulated that he might sell for railroad purposes, this limitation in the conveyance will, we think, be construed so as to preserve his right to sell the strip reserved, and at the same time to preserve Anderson's right to the use of the spur track crossing it, and connecting him with the main line of the Central. In other words, since he sold Anderson a brickyard, and since it is plain that a spur track crossing the right of way which he reserved was necessary to the operation of that brickyard, before he or those holding under him would have the right to tear up that spur track they must be able to point out plain and explicit terms in the deed authorizing this denial to Anderson of a facility existing at the time he bought. Since it is obvious that Hatcher's reservation of the right to sell the old right of way of the Central, which traverses a portion of the land sold by him to Anderson for the purposes of a brickyard, is not at all inconsistent with the right of Anderson to enjoy the use of the spur track crossing that right of way, the court must overrule the demurrer based upon the limitation in Hatcher's conveyance, and must determine the rights of the parties upon the evidence, to be taken as usual in equity.